JS 44   (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as povided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Movado Group, Inc., d/b/a Movado Watch Co. and d/b/a EBEL

## DEFENDANTS

Scott Slobotkin, Jay Slobotkin, Fred Slobotkin, Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers

**(b)**   County of Residence of First Listed Plaintiff   Bergen County (NJ)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:        IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Helen M. Braverman, Esq., Benjamin A. Garber, Esq., at Braverman Kaskey, P.C., One Liberty Place, 56th Floor, Philadelphia, PA 19103, (215) 575-3800

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government
  Plaintiff
- ❏ 3   Federal Question
  *(U.S. Government Not a Party)*
- ❏ 2   U.S. Government
  Defendant
- ☒ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT   *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Mgmt. Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Med. Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Empl. Ret. Inc. Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | ❏ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 530 General | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | ❏ 465 Other Immigration Actions | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN   *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ❏ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from another district *(specify)*
- ❏ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. Sec. 1332
Brief description of cause:
This is an action, inter alia, for fraudulent conveyance(12 Pa.C.S. Sec. 5101 et seq)and piercing the corporate veil.

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
$128,221.60
plus fees and costs

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____          DOCKET NUMBER _____

DATE
04/25/2012

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*          Helen M. Braveman (HMB3974)

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Movado Group, Inc., d/b/a Movado Watch Co. and d/b/a EBEL | : | CIVIL ACTION |
| v. | : | |
| Scott Slobotkin, Jay Slobotkin, Fred Slobotkin, Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| April 25, 2012 | | Helen M. Braverman(HMB3974) |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| (215)575-3800 | (215)575-3801 | hbraver@braverlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 650 From Road, Paramus, NJ 07652

Address of Defendant: 1589 Main Street Building 2, Suite 201, Warrington, PA 18976

Place of Accident, Incident or Transaction: Warrington, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes☐  No☒

Does this case involve multidistrict litigation possibilities?        Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
        Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
        Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
        Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
        Yes☐  No☒

**CIVIL: (Place ✔ in ONE CATEGORY ONLY)**

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)

7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
    (Please specify)
    (12 Pa. C.S. Sec 5101 et seq.)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____        _____        _____
                          Attorney-at-Law            Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: April 25, 2012        Helen M. Braverman, Esquire (HMB3974)        #36126
                             Attorney-at-Law                              Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOVADO GROUP, INC., d/b/a Movado Watch Co. and d/b/a EBEL | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | :     CIVIL ACTION NO. |
| | : |
| SCOTT SLOBOTKIN, | : |
| JAY SLOBOTKIN, | : |
| FRED SLOBOTKIN, | : |
| SLOBOTKIN JEWELERS, INC. d/b/a | : |
| David Jay Jewelers, | : |
| | : |
| Defendants, | : |

## COMPLAINT

Plaintiff Movado Group, Inc., d/b/a Movado Watch Co. and d/b/a Ebel (hereinafter "Movado Group"), by its undersigned counsel, hereby files this complaint against Scott Slobotkin, Jay Slobotkin, Fred Slobotkin, and Slobotkin Jewelers, Inc. d/b/a David-Jay Jewelers, and in support thereof, avers as follows:

## PARTIES

1.      Plaintiff Movado Group is a corporation organized and existing under the laws of the state of New York with its principal place of business in New Jersey.

2.      Defendant Scott Slobotkin is a citizen of the state of Pennsylvania.

3.      Defendant Jay Slobotkin is a citizen of the state of Pennsylvania.

4.      Defendant Fred Slobotkin is a citizen of the state of Pennsylvania.

5.      Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers is a corporation organized and existing under the laws of the state of Pennsylvania with its principal place of business in Warrington, Pennsylvania.

1

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. section 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest.

7.      Venue is properly laid in this Court in this district pursuant to 28 U.S.C. section 1391 because a substantial part of the events of omissions giving rise to this claim occurred in this district.

## FACTUAL BACKGROUND

8.      In about June 2007, David-Jay Corp. of Dresher, d/b/a David Jay Jewelers, then doing business as a retailer of watches at Dreshertown Plaza, 1650 Limekiln Pike, Dresher, PA, submitted an application to purchase watches on credit from Movado Group.

9.      In June 2007 and at all time relevant to his complaint, Scott Slobotkin and Jay Slobotkin were the sole officers and owners of David-Jay Corp. of Dresher and in those capacities controlled the operations of said corporation.

10.      In the credit application submitted to Movado Group, Scott Slobotkin listed the corporate name of David-Jay Corp. of Dresher as "David Jay Jewelers."

11.      In connection with the submission of the credit application to Movado Group, defendants Scott Slobotkin and Jay Slobotkin also submitted a letter to Movado Group stating that "David Jay Jewelers" was opening a "second location" in the Fall of 2007, in Valley Square Lifestyle Center in Warrington, PA., and that "David Jay plans to add both higher-end watch lines as well as designer jewelry lines to its inventory in conjunction with the opening of our second store."

2

12.     Movado Group approved the credit application submitted by defendants and opened a credit account in the name of "David Jay Jewelers," as reflected on the credit application. Movado Group's invoices and monthly statements of account sent to defendants for the purchase price of watches were addressed to "David Jay Jewelers."

13.     Subsequent to submission of the credit application and letter to Movado Group, Scott Slobotkin and Jay Slobotkin opened a "second location," retailing watches, in Warrington, PA, and began doing business at that location under the name "David Jay Jewelers."

14.     Unbeknownst to Movado Group, Scott Slobotkin and Jay Slobotkin had incorporated another corporation named Slobotkin Jewelers, Inc. in 2006.

15.     In September 2007 and January 2008, in reliance upon the credit application and letter Scott Slobotkin and Jay Slobotkin submitted to Movado Group in June 2007, David-Jay Corp. of Dresher, d/b/a David Jay Jewelers purchased from Movado Group on credit Ebel brand watches costing $73,130.70 and $2,310.00, respectively. Similarly, David-Jay Corp. of Dresher, d/b/a David Jay Jewelers purchased on credit Movado brand watches costing $17,554.28 in November and December 2007 and January 2008.

16.     Defendants Scott Slobotkin, Jay Slobotkin, and Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers subsequently stocked and sold the watches purchased from Movado Group in both the Dresher, PA and Warrington, PA stores. However, defendants failed and refused to pay for the watches purchased on credit from Movado Group despite Movado Group's efforts to collect the indebtedness for the watches.

17.     By letter dated October 20, 2008, addressed to "David Jay Jewelers," attn: Jay Slobotkin, and mailed to defendants' Dresher, PA location, Movado Group's General

3

Counsel demanded payment of the $89,099.94 then outstanding and overdue on the credit account of "David Jay Jewelers."

        18.     On or about March 23, 2009, plaintiff filed a complaint against David-Jay in the matter styled *Movado Group, Inc., f/k/a North American Watch Corporation, d/b/a Movado Watch Co., and d/b/a Ebel v. David-Jay Corp. of Dresher d/b/a David-Jay Jewelers*, Court of Common Pleas, Montgomery County, No.: 2009-08015, seeking judgment in the amount of $89,458.98, plus interest, fees and costs. In an answer verified by defendant Scott Slobotkin, defendant David-Jay Corp. of Dresher d/b/a David-Jay Jewelers denied that it had purchased watches from Movado Group and that it owed Movado Group money for the purchase of watches. Subsequently, defendant David-Jay Corp. of Dresher d/b/a David-Jay Jewelers defended the action and it was not until October 25, 2011, that judgment in the amount of $128,221.60 was entered in favor of Movado Group.

        19.     In April and May 2009, defendants advertised in flyers bearing the name "David Jay Jewelers," a "Store Closing & Consolidation Sale," wherein defendants stated that, "David Jay Jewelers will be closing our Dreshertown Plaza location soon. We have been emptying our vaults and still have too much inventory to move to our Valley Square location in Warrington. Therefore ... further reductions must be taken!" Further, in these flyers defendants sought to divert customers from the Dreshertown Plaza location to the Warrington location, transferring the good will associated with the Dreshertown Plaza location, which had been operating for more than thirty years, to the Warrington, PA location.

        20.     Defendants subsequently discontinued their retailer operations at the Dresher, PA location and transferred the remaining inventory at that location, including watches purchased on credit from Movado Group but not paid for, to their Warrington, PA location.

4

Upon information and belief, during the winding up process, defendants transferred the proceeds of the sale of inventory at the Dreshertown Plaza location to defendant Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers.

21.    In winding down and discontinuing operations at the Dreshertown Plaza location, defendants did not dissolve David-Jay Corp. of Dresher d/b/a David-Jay Jewelers, notify creditors of the winding down or discontinuance of operations, pay creditors or make provision for payment of creditors as required by Pennsylvania corporate law.

22.    During the years 2007 through 2009, defendants made numerous transfers of funds from David-Jay Corp. of Dresher d/b/a David-Jay Jewelers to Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers.  During this same period, the defendants caused David-Jay Corp. of Dresher d/b/a David-Jay Jewelers to make numerous transfers characterized in the books as "loans" to Jay Slobotkin, Fred Slobotkin and Scott Slobotkin.  These "loans" included two transfers to Fred Slobotkin in the amounts of $55,000.00 and $70,000.00, on October 19, 2007 and October 22, 2007, respectively.

23.    David-Jay Corp. of Dresher d/b/a David-Jay Jewelers and Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers are dominated and controlled by defendants Scott Slobotkin and Jay Slobotkin and are their alter egos.

### COUNT I
### (Estoppel)

24.    Plaintiff repeats and incorporates by reference the previous paragraphs of this Complaint as if fully set forth herein.

25.    Defendants intentionally or negligently represented to Movado Group in the credit application that "David Jay Jewelers" was one legal entity with two locations and that "David Jay Jewelers" would pay the indebtedness incurred to Movado Group for the purchase of

5

Ebel Movado brand watches in connection with the opening of the second location of David Jay Jewelers in Warrington, PA.

26.     Movado Group justifiably relied on said representations in extending credit to David-Jay Corp. of Dresher d/b/a David Jay Jewelers.

27.     Movado Group has been prejudiced by its reliance on said representations.

28.     Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers is estopped from denying that it is legally obligated to pay for the watches purchased, including interest, fees and costs, as liquidated in the judgment in the amount of $128,221.60 rendered in favor of Movado.

### COUNT II
### (Express and/or Implied Assumption of Liabilities)

29.     Plaintiff repeats and incorporates by reference the previous paragraphs of this Complaint as if fully set forth herein.

30.     By its submission of the credit application and letter to Movado Group stating that David Jay Jewelers planned store in Warrington was a second location, by purchasing watches to be sold in the Warrington store and stocking said store with watches purchased from Movado Group, and by conducting a Closing and Consolidation Sale, Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers impliedly indicated its intention to and did in fact assume the obligations of David-Jay Corp. of Dresher d/b/a David-Jay Jewelers to Movado Group.

31.     Movado Group relied on defendants' conduct and representations in selling watches to David Jay Jewelers and has been prejudiced thereby.

32.     Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers is liable and indebted to Movado Group for the watches purchased, including interest, fees and costs, as liquidated in the judgment in the amount of $128,221.60 rendered in favor of Movado.

6

## COUNT III
### (Fraudulent Misrepresentation)

33.    Plaintiff repeats and incorporates by reference the previous paragraphs of this Complaint as if fully set forth herein.

34.    Defendants intentionally represented to Movado Group in the credit application that "David Jay Jewelers" was one legal entity with two locations and that "David Jay Jewelers" would pay the indebtedness incurred to Movado Group for the purchase of Ebel Movado brand watches in connection with the opening of the second location of David Jay Jewelers in Warrington, PA.

35.    Movado Group justifiably relied on said representations in extending credit to David-Jay Corp. of Dresher d/b/a David Jay Jewelers.

36.    As a result of defendants fraudulent misrepresentations, Movado Group has sustained damages equal to the cost of the watches sold to but not paid for by Dresher d/b/a David-Jay Jewelers and Slobotkin Jewelers, including interest, attorneys' fees and costs, as liquidated in the judgment in the amount of $128,221.60 rendered in favor of Movado.

## COUNT IV
### (Negligent Misrepresentation)

37.    Plaintiff repeats and incorporates by reference the previous paragraphs of this Complaint as if fully set forth herein.

38.    Defendants negligently represented to Movado Group in the credit application that "David Jay Jewelers" was one legal entity with two locations and that "David Jay Jewelers" would pay the indebtedness incurred to Movado Group for the purchase of Ebel Movado brand watches in connection with the opening of the second location of David Jay Jewelers in Warrington, PA.

7

39.     Movado Group justifiably relied on said representations in extending credit to David-Jay Corp. of Dresher d/b/a David Jay Jewelers.

40.     As a result of defendants' fraudulent misrepresentations, Movado Group has sustained damages equal to the cost of the watches sold to but not paid for by Dresher d/b/a David-Jay Jewelers and Slobotkin Jewelers, including interest, attorneys' fees and costs, as liquidated in the judgment in the amount of $128,221.60 rendered in favor of Movado.

**COUNT V**
**(Breach of Fiduciary Duty)**

41.     Plaintiff repeats and incorporates by reference the previous paragraphs of this Complaint as if fully set forth herein.

42.     In or about the autumn of 2007, David-Jay Corp. of Dresher d/b/a David-Jay Jewelers became insolvent.

43.     Upon insolvency, defendants Scott Slobotkin, Jay Slobotkin and Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers, their alter ego, owed a fiduciary duty to Movado Group as a creditor.

44.     Said defendants breached their fiduciary duty to Movado Group by engaging in self-dealing (transferring assets to themselves and other family members) without consideration and without making provisions for payment of creditors of David-Jay Corp. of Dresher d/b/a David-Jay Jewelers.

45.     Defendants Scott Slobotkin, Jay Slobotkin and Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers are liable and indebted to Movado Group for the watches purchased, including interest, fees and costs, as liquidated in the judgment in the amount of $128,221.60 rendered in favor of Movado.

## COUNT VI
### (De Facto Consolidation and/or Merger)

46.     Plaintiff repeats and incorporates by reference the previous paragraphs of this Complaint as if fully set forth herein.

47.     The closing of the Dreshertown Plaza location of David Jay Jewelers and the transfer of assets, customers, trade name and good will to the Warrington location of David Jay Jewelers, without adequate consideration, constitutes a de facto merger and/or consolidation of David-Jay Corp. of Dresher d/b/a David-Jay Jewelers Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers.

48.     Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers, as the surviving corporation, is liable and indebted to Movado Group for the watches purchased, including interest, fees and costs, as liquidated in the judgment in the amount of $128,221.60 rendered in favor of Movado.

## COUNT VII
### (Mere Continuation)

49.     Plaintiff repeats and incorporates by reference the previous paragraphs of this Complaint as if fully set forth herein.

50.     The closing of the Dreshertown Plaza location of David Jay Jewelers and the transfer of assets, trade name, customers and good will to the Warrington location of David Jay Jewelers, without adequate consideration and while holding the Warrington location out as the same entity as the Dreshertown Plaza location, makes Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers a mere continuation of David-Jay Corp. of Dresher d/b/a David-Jay Jewelers.

51.    As a mere continuation, Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers is liable and indebted to Movado Group for the watches purchased, including interest, fees and costs, as liquidated in the judgment in the amount of $128,221.60 rendered in favor of Movado.

### COUNT VIII
### (Successor Liability Arising from Transfers without Adequate Consideration and Failure to Make Provisions for Creditors)

52.    Plaintiff repeats and incorporates by reference the previous paragraphs of this Complaint as if fully set forth herein.

53.    Defendants closed the Dreshertown Plaza location of David Jay Jewelers and transferred its assets, trade name, customers and good will to the Warrington location of David Jay Jewelers (Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers), without adequate consideration and without making provision for the payment of creditors, including Movado Group.

54.    Under the foregoing circumstances, Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers is liable and indebted to Movado Group for the watches purchased, including interest, fees and costs, as liquidated in the judgment in the amount of $128,221.60 rendered in favor of Movado.

### COUNT IX
### (Fraud)

55.    Plaintiff repeats and incorporates by reference the previous paragraphs of this Complaint as if fully set forth herein.

56.    Defendants' closure of the Dreshertown Plaza location of David Jay Jewelers and the transfer of its assets, trade name, customers and good will to the Warrington location of David Jay Jewelers (Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers), without

adequate consideration and without making provision for the payment of creditors, including Movado Group constitutes a fraudulent attempt to escape liability to Movado Group.

57.    Under the foregoing circumstances, defendants Scott Slobotkin, Jay Slobotkin, and Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers are liable and indebted to Movado Group for the watches purchased, including interest, fees and costs, as liquidated in the judgment in the amount of $128,221.60 rendered in favor of Movado.

### COUNT X
### (Civil Conspiracy to Defraud)

58.    Plaintiff repeats and incorporates by reference the previous paragraphs of this Complaint as if fully set forth herein.

59.    Defendants Scott Slobotkin, Jay Slobotkin and Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers acted in concert with the intent and purpose to defraud Movado Group of watches and payment of watches by denuding and looting David-Jay Corp. of Dresher d/b/a David-Jay Jewelers of its assets, trade name, customers and good will, without adequate consideration and without making provision for the payment of creditors, including Movado Group, in an effort to make Movado Group unable to collect the indebtedness due it from David-Jay Corp. of Dresher d/b/a David-Jay Jewelers.

60.    Movado Group sustained damages due to the unlawful acts and conspiracy of said defendants.

61.    Defendants Scott Slobotkin, Jay Slobotkin, and Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers are liable and indebted to Movado Group for the watches purchased, including interest, fees and costs, as liquidated in the judgment in the amount of $128,221.60 rendered in favor of Movado.

## COUNT XI
## (Unjust Enrichment)

62.    Plaintiff repeats and incorporates by reference the previous paragraphs of this Complaint as if fully set forth herein.

63.    Defendants Scott Slobotkin, Jay Slobotkin, and Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers have been unjustly enriched by taking possession of the watches purchased on credit from Movado Group but not paid for, and the proceeds thereof, without compensating Movado Group therefore.

64.    Defendants Scott Slobotkin, Jay Slobotkin, and Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers are liable and indebted to Movado Group for the watches purchased, including interest, fees and costs, as liquidated in the judgment in the amount of $128,221.60 rendered in favor of Movado.

## COUNT XII
## (Fraudulent Conveyances)

65.    Plaintiff repeats and incorporates by reference the previous paragraphs of this Complaint as if fully set forth herein.

66.    Movado is a creditor of David-Jay Corp. of Dresher d/b/a David-Jay Jewelers, as such term is defined in 12 Pa. C.S. § 5101, in that it has claims (as defined in the same statute), or a right to payment against David-Jay, to wit, the Judgment, as set forth above.

67.    On information and belief, David Jay Corp. of Dresher d/b/a David-Jay Jewelers became insolvent in the Autumn of 2007, as that term is defined in 12 Pa. C.S. § 5101 et. seq.

68.    On information and belief, defendants Scott Slobotkin, Jay Slobotkin, Fred Slobotkin, Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers caused David-Jay Corp. of Dresher

12

d/b/a David-Jay Jewelers to transfer its assets, including inventory, customers and good will to themselves without paying reasonably equivalent value.

69.    At or about the time of the transfers, David Jay Corp. of Dresher d/b/a David-Jay Jewelers intended to incur, or believed or reasonably should have believed, that it would incur debts beyond its ability to pay as they became due.

70.    The transfers were made with the intent to hinder, delay or defraud Movado as a creditor.

71.    The transfers of assets, including payments and purported "loans' or repayment of purported "loans", and/or advances, as well as the transfer of inventory, customers, and good will, were at a time when David Jay Corp. of Dresher d/b/a David-Jay Jewelers was insolvent, or caused David Jay Corp. of Dresher d/b/a David-Jay Jewelers to become insolvent, and are fraudulent transfers within the meaning of 12 Pa. C.S. §§ 5104(a)(2) and 5105.

72.    The transfers complained of herein are also fraudulent transfers within the meaning of 12 Pa. C.S. § 5104(a)(1), in that they were undertaken with the actual intent of hindering and/or defrauding Movado in that, inter alia:

    i.   They involved transfers made to entities controlled by the same principles who are insiders within the meaning of 12 Pa. C.S. § 5104(b)(1);

    ii.   The transactions were concealed from Movado (within the meaning of 12 Pa. C.S. § 5104(b)(3));

    iii.   David-Jay had been sued or threatened with suit before making such transfers (within the meaning of 12 Pa. C.S. § 5104(b)(4));

    iv.   The transfers were of substantially all of David-Jay's assets (within the meaning of 12 Pa. C.S. § 5104(b)(5)); and

v.  David-Jay was insolvent or became insolvent shortly after the respective

transfers were made (within the meaning of 12 Pa. C.S. § 5104(b)(9)).

73.    The full scope of the fraudulent transfer is not fully known and Movado's

investigation thereof is ongoing.  As the nature of the conduct of the defendants and the

information concerning such conduct are in the possession of defendants, the full extent of the

fraudulent transfers will not be known until full and complete discovery is conducted.

74.    By reason of said fraudulent transfers, Movado is entitled to any and all

remedies available by law and in equity including those set forth in 12 Pa. C.S. § 5107 and

including avoidance of all such transactions and accounting and compensatory damages in an

amount exceeding $100,000.00, exclusive of interests and costs.

**COUNT XIII**
**(Piercing Corporate Veil – Alter Ego)**

75.    Plaintiff repeats and incorporates by reference the previous paragraphs of

this Complaint as if fully set forth herein.

76.    On information and belief, defendants Scott Slobotkin, Jay Slobotkin and

David-Jay and Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers dominated and controlled

David Jay Corp. of Dresher d/b/a David-Jay Jewelers.

77.    On information and belief, defendants Scott Slobotkin and Jay Slobotkin

dominated and controlled Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers.

78.    Defendant Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers and David

Jay Corp. of Dresher d/b/a David-Jay Jewelers failed to adhere to corporate formalities.

79.    On information and belief, there is a substantial intermingling of the

affairs of defendants Scott Slobotkin, Jay Slobotkin and David-Jay and Slobotkin Jewelers, Inc.

d/b/a David Jay Jewelers and David Jay Corp. of Dresher d/b/a David-Jay Jewelers.

14

80.     On information and belief, defendants Scott Slobotkin and Jay Slobotkin employed their ability to control and dominate the affairs of Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers and David Jay Corp. of Dresher d/b/a David-Jay Jewelers for to further their own respective interests and to commit a fraud upon Movado Group.

81.     Due to their domination and control and fraudulent and unjust acts *vis a vis* Movado Group, defendants are the alter egos of David Jay Corp. of Dresher d/b/a David-Jay Jewelers and defendants Scott Slobotkin and Jay Slobotkin are the alter egos of Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers.

82.     Due to their domination and control and fraudulent and unjust acts *vis a vis* Movado Group, defendants are the alter egos of David Jay Corp. of Dresher d/b/a David-Jay Jewelers and defendants Scott Slobotkin and Jay Slobotkin are the alter egos of Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers and Movado Group is entitled to pierce the corporate veils of David Jay Corp. of Dresher d/b/a David-Jay Jewelers and Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers and enforce its judgment against defendants Scott Slobotkin, Jay Slobotkin and Slobotkin Jewelers, Inc. d/b/a David Jay Jewelers.

**WHEREFORE,** Plaintiff demands judgment in its favor against defendants as follows:

a.  In the amount of $128,221.60, plus attorneys' fees incurred and costs;

b.  Setting aside the fraudulent transfers;

c.  Appointment of a receiver, including a receiver *pendente lite;*

d.  Punitive and exemplary damages in an amount to be determined at trial;

e.  An award of the expenses of this action, including reasonable counsel fees and other appropriate relief;

f.  An award of prejudgment; and

g.  Granting such other and further relief as is just and proper.

15

Dated: New York, New York
      April 23, 2012

                          **BRAVERMAN KASKEY, P.C.**

By:    /s/ Helen M. Braverman   (HMB3974)
        Helen M. Braverman, Esq.
        Benjamin A. Garber, Esq.
        Attorneys for ***Plaintiff***
                ***Movado Group, Inc.***
        One Liberty Place, 56th Floor
        Philadelphia, PA 19103
        (215) 575 3916
        hbraverman@braverlaw.com

        Gregg J. Borri, Esq.
        Borri Law Offices
        61 Broadway, Suite 2820
        New York, NY 10006
        (212) 980-8866
        gborri@borrilaw.com
        (*pro hac vice* application to be filed)

16